UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ANTHONY POLK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV419-233 |
| | ) |
| SHERIFF WILCHER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# ORDER AND REPORT AND RECOMMENDATION

Anthony Polk, proceeding *pro se* and *in forma pauperis*, brings this 42 U.S.C. § 1983 complaint alleging unlawful force and inadequate medical care. Doc. 1. The Court granted his Motion for Leave to proceed *in forma pauperis* (IFP), doc. 3, and he has provided all requested documentation, docs. 4 & 5. The Court now screens the Complaint pursuant to 28 U.S.C. § 1915A.[1]

---

[1] The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321-71, sets forth procedures governing the filing of complaints in federal court by prisoners and other detainees. In cases seeking redress from a government entity or its officials, PLRA requires a preliminary screening in order to "identify cognizable complaints" and to dismiss, prior to service, any complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

## BACKGROUND

Plaintiff alleges that while knocking on a cell door because he was experiencing chest pains, he was approached by Cpl. Munoz who tried to take the foot rest for his wheelchair, despite plaintiff being paralyzed from the waist down. Doc. 1 at 5. When plaintiff was either unwilling or unable (it is unclear) to give up the foot rest, Cpl. Munoz tased him. *Id.* Plaintiff then fell out of his wheelchair, whereupon he was tased again and suffered a blow to the head and his back. *Id.* Despite the severity of this interaction, Cpl. Munoz did not send plaintiff for medical care. *Id.*

## ANALYSIS

As an initial matter, any claims against Sheriff Wilcher should be dismissed. Section 1983 claims require an allegation of a causal connection between a defendant's acts or omissions and an alleged constitutional deprivation. *See Zalter v. Wainright*, 802 F.2 397, 401 (11th Cir. 1986) (defendant's position of Secretary of Florida Department of Corrections was not alone sufficient to establish a causal connection to plaintiff's sexual assault). Plaintiff has not alleged that Sheriff Wilcher was in any way connected to plaintiff's treatment, beyond his role as head of the Sheriff's Department. This alone is insufficient as theories of

*respondeat superior* and vicarious liability cannot carry § 1983 claims. *See Polk Cnty v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on *respondeat superior* theory of liability."); *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691 (1978) ("Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort."); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) ("Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation.").

Charitably construing the remaining allegations in plaintiff's complaint, he brings claims for excessive use of force and denial of adequate medical care in violation of 42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must demonstrate that an offense (1) was committed by a person acting under the color of law and (2) deprived the plaintiff of a right, privilege, or immunity under the Constitution or federal law. 42 U.S.C. § 1983.

Plaintiff has pleaded facts sufficient for a claim of excessive force in violation of the Eighth Amendment against Cpl. Munoz. The use of force in a custodial setting violates the Eighth Amendment's prohibition against cruel and unusual punishment when it is not applied in a good-faith effort to maintain or restore discipline but, rather, is administered "maliciously and sadistically to cause harm." *Hudson v. McMillan*, 503 U.S. 1, 5–6 (1992); *Sears v. Roberts,* 922 F.3d 1199, 1205 (11th Cir. 2019). It is not necessary that the use of force resulted in a serious injury, as the focus is directed to the nature of the act, not its degree. *Wilkins v. Gaddy*, 559 U.S. 34, 37–38 (2010).

Plaintiff adequately alleges that Cpl. Munoz ignored his chest pain and attempted to take away medically necessary equipment. Doc. 1 at 5. He also alleges that Cpl. Munoz tased him when he was unresisting on the floor. *Id.* Though reasonable force may be deployed to promote and ensure compliance with instructions and rules, *see Bailey v. Hughes*, 815 F. Supp. 2d 1246 (M.D. Ala. 2011), plaintiff's allegations suggests that he was unable to defend himself and posed no risk. *Id.* Taking these allegations as true, there was no need for the application of force.

Plaintiff has also pleaded facts sufficient to establish a claim of denial of adequate medical care against Cpl. Munoz. The denial of medical care offends the Eighth Amendment when a government official displays "deliberate indifference to the serious medical needs of prisoners…." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This involves an "objective component" demonstrating the existence of a serious medical condition and a "subjective component" showing that prison officials acted with deliberate indifference toward that condition. *Id.*

To satisfy the objective component, a plaintiff must set forth evidence of a medical need that is sufficiently serious that, if left unattended, it would "pos[e] a substantial risk of serious harm." *Id.* (quoting *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000)). Serious injuries are both those "diagnosed by a physician as mandating treatment" and those that are "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994) (internal citation and quotation marks omitted), overruled in part on other grounds by *Hope v. Pelzer*, 536 U.S. 730 (2002). They also include those medical needs that would be worsened by a delay in treatment. *Mann v.*

5

*Taser Int'l., Inc.*, 588 F. 3d 1291, 1307 (11th Cir. 2009).  Plaintiff alleges that suffered a blow to the head after being tased.  A strong blow to the head—known by the treating individual—is just such a case and at the screening phase, at least, survives.

Moreover, he has adequately plead the subjective component.  A plaintiff must demonstrate that prison officials were deliberately indifferent toward a serious medical condition.  This requires a showing that the prison official (1) had a subjective knowledge of the risk of serious harm; (2) disregarded that risk; and (3) was more than merely negligent in their response.  *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).

Here, plaintiff alleges that Cpl. Munoz knew of the blow to the head, and did not seek care.  While it is not relevant whether Polk believes that a greater degree of medical care was appropriate, s*ee, Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1576 (11th Cir. 1985) (deliberate indifference is not established when a prisoner "may have desired different modes of treatment" than he received), he pleads that he received no care at all, *Harris v. Thigpen*, 941 F.2d 1495, 1504 (11th Cir. 1991) (prison officials

must provide at least a "minimally adequate" degree of care). This claim likewise should proceed to service.

## CONCLUSION

In summary, plaintiff's claims for excessive force in violation of the Eighth Amendment and deliberate indifference to a serious medical need survive preliminary review. The Clerk is **DIRECTED** to forward a copy of this Order, along with plaintiff's Complaint, to the Marshal for service upon the Cpl. Munoz. *See* Fed. R. Civ. P. 4(c)(3) (requiring the court to order service by the United States marshal for plaintiffs "authorized to proceed in forma pauperis under 28 U.S.C. § 1915). The Court **RECOMMENDS** that Chatham County Sheriff's Office and Sheriff Wilcher be **DISMISSED** from this case.

Meanwhile, it is time for plaintiff to pay his filing fee. His PLRA paperwork reflects $68.34 in average monthly deposits and a $42.79 average reserved monthly balance over the six-month period prior to the date of his Prison Account Statement. Doc. 5. He, therefore, owes a $13.68 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall remit the $13.68 and

shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.  In the event that plaintiff is transferred to another facility, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to his new custodian.  The balance due from plaintiff shall be collected by the custodian at all future facilities in accordance with the terms of this Order. A copy of this Order and of the Consent to Collection of Fees form Trust Account shall be served upon plaintiff and his current custodian. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any

request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 29th day of July, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA