UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ANTHONY D. POLK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV419-233 |
| | ) |
| CPL. MUNOZ, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The Court previously directed *pro se* plaintiff Anthony D. Polk to respond and show cause why his case should not be dismissed for failure to timely serve defendant Munoz. *See generally* doc. 16. As the Court's show-cause Order explained, Polk failed to provide sufficient information to allow the Marshal to effect service on Munoz. *See id.* at 2-3. Polk has failed to respond to the Court's Order or provide any further information concerning Munoz to allow the Marshals to make any additional attempts to serve. Dismissal is, therefore, appropriate. *See, e.g., Desire*

1

*v. Bluitt*, 2021 WL 2933182, at *2 (S.D. Ga. June 14, 2021), *adopted* 2021 WL 2931428 (S.D. Ga. July 12, 2021).

Moreover, the Court's Order has been returned as undeliverable. *See* doc. 17. It, therefore, appears that Polk has failed to keep the Court apprised of his current address, in violation of the Court's Local Rules. *See* S.D. Ga. L. Civ. R. 11.1 ("Each attorney and *pro se* litigant has a continuing obligation to apprise the Court of any address change."). This Court has the authority to prune cases from its dockets where parties have failed to comply with its Orders. *See* S.D. Ga. L.R. 41.1(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992). Polk's failure to comply with the Court's Rules provides an independently sufficient reason to dismiss his Complaint.

Accordingly, Polk's Complaint should be **DISMISSED** for failure to timely serve, *see, e.g.,* Fed. R. Civ. P. 4(m), or for failure to prosecute, *see,*

*e.g.,* Fed. R. Civ. P. 41(b).  This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 28th day of June, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA